Case 2:16-cv-00355   Document 11   Filed in TXSD on 11/16/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GLENN LACY DURHAM, | § |
| | § |
| Petitioner, | § |
| VS. | §   CIVIL ACTION NO. 2:16-CV-355 |
| | § |
| LORIE DAVIS, | § |
| | § |
| Respondent. | § |

### SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

On September 8, 2016, the undersigned entered a memorandum and recommendation to dismiss this civil action as a successive habeas petition. (D.E. 7). On September 23, 2016, Petitioner filed a motion to object to the memorandum and recommendation ("M & R"). (D.E. 8). Petitioner indicated his intent in filing this action was to file a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. On November 3, 2016, Petitioner's motion was granted and he was instructed to file a Rule 60(b) motion under the case and cause number from which he is seeking relief from judgment. (D.E. 9). However, on November 14, 2016, Petitioner filed a Motion for Leave to Respond to the undersigned's November 3, 2016 Order. (D.E. 10). Rather than filing a Rule 60 motion under one of his previous habeas cause numbers, Petitioner instead asks this Court to consider the evidence he attaches to the motion in this proceeding. This Motion is **GRANTED**. (D.E. 10). The undersigned has considered the additional matters submitted by Petitioner. Having considered the

additional matters, the undersigned's recommendation to dismiss this action is unchanged for the reasons stated below.

Rule 60(b) authorizes the Court to give relief from judgment in a number of situations including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief.  Fed. R. Civ. P. 60(b)(1)-(6).  In some instances, a petitioner bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions.  *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).  It is only when a Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  Any other claim must be considered second or successive.  *Id*.

Petitioner asserts the evidence he requests this Court consider shows a "fraud of a United States citizen illegal conviction and incarceration procedures.  All the evidence that will be presented before this Court is also to show the states [sic] court system and all the copies of the different state agencies that have the jurisdiction to overturn this illegal conviction their [sic] inexcusable neglect and fraud to do so." (D.E. 10, Pages 1-2).

Even looking at the Petitioner's arguments in light of Federal Rule of Civil Procedure 60(b), Petitioner is not entitled to relief.  It is clear Petitioner is attacking the substance of this Court's resolution of his claims. (*See* Case No. 2:02-cv-396, D.E. 16, Page 22 and D.E. 19; D.E. 1-2 and D.E. 10, Page 6). As such, none of the matters raised

in Petitioner's Rule 60(b) Motion warrant granting relief from judgment.  For the reasons stated in this supplemental M & R and the undersigned's September 8, 2016 M & R, the undersigned recommends this case be **DISMISSED** and a Certificate of Appealability be **DENIED**.

ORDERED this 16th day of November, 2016.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).