IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GLENN LACY DURHAM, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:16-CV-355 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

# ORDER

Glenn Lacy Durham ("Durham") is a Texas state prisoner currently confined in the Michael Unit in Tennessee Colony, Texas. Proceeding *pro se* and *in forma pauperis*, Durham sent a letter to the Court on August 3, 2016, which is construed as a petition for writ of habeas corpus. (D.E. 1). The underlying conviction which is the subject of the petition is a 1999 Kleberg County conviction for the offenses of murder and injury to a child. Petitioner claims the indictment in his case was defective.

The Court now has before it Durham's federal habeas petition (D.E. 1); the Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred (D.E. 7); the Supplemental M&R (D.E. 11); and Durham's Objections to the Supplemental M&R (D.E. 14, 15).

Petitioner has filed three previous unsuccessful federal habeas petitions challenging the same conviction as his present petition. *Durnham v. Cockrell*, No. 2:02- cv-396 (S.D. Tex. 2003); *Durnham v. Dretke*, No. 2:05-cv-550 (S.D. Tex. 2005); and *Durnham v. Thaler*, Case No. 2:09-cv-256 (S.D. Tex. 2009). The M&R filed in Petitioner's first and third habeas cases contain detailed recitations of the facts surrounding Petitioner's underlying conviction and the procedural history of this case. *See* D.E. 15 in *Durnham v. Cockrell*, No. 2:02-cv-396 (S.D. Tex. Apr. 28, 2003); *see also* D.E. 17 in *Durham v. Thaler*, Case No. 2:09-cv-256 (S.D. Tex. Feb. 10, 2010). In short, Petitioner was found guilty of murder and injury to a child and

sentenced to two concurrent life sentences after witnesses testified Petitioner and his wife routinely beat Petitioner's son, who ultimately died after a beating on June 13, 1998. *Id.* Petitioner's first federal habeas petition was denied on the merits and his second and third habeas petitions were denied as second or successive. Additionally, in 2010, the Fifth Circuit Court of Appeals denied Petitioner's motion for authorization to file a successive 2254 application. *In re: Glenn Lacy Durham*, No. 10-40474 (5th Cir. Aug. 31, 2010).

The Magistrate Judge recommends that the Court dismiss Durham's complaint without prejudice. *See* D.E. 7 at 5. Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears the petition is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254, except under two circumstances).[1] The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

Here, the Magistrate Judge recommended that the Court dismiss Durham's complaint on the grounds that Durham has presented neither argument nor evidence indicating that he will be able to make a prima facie showing his application satisfies the exceptions for dismissal pursuant to 28 U.S.C. § 2254. The Magistrate Judge also recommended that a Certificate of Appealability (COA) be

---

[1] 28 U.S.C. § 2254(b)(2) provides:
>A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2).

denied because Durham has not made the necessary showing for its issuance. D.E. 7 at 5; *see also* 28 U.S.C. § 2253(c)(1)(A). In the Supplemental M&R, the Magistrate Judge recommended that Durham's complaint pursuant to a Federal Rule of Civil Procedure 60 motion also be dismissed. *See* D.E. 11 at 2.

Durham objects to the Supplemental M&R on the grounds that there was fraud, misrepresentation, or misconduct by an adverse party, and that such fraud prevented the movant from fully and fairly presenting his case at trial. *See* D.E. 14 at 2; *see also* D.E. 15. Durham also raises the objection that the judgment is void for lack of subject-matter jurisdiction. D.E. 14 at 2.

The Court finds that these objections do not warrant granting relief. Having reviewed the findings of fact, conclusions of law, the Magistrate Judge's M&R, the Magistrate Judge's Supplemental M&R, Durham's objections, and the applicable law, the Court adopts the Magistrate Judge's M&R and Supplemental M&R in their entirety. Accordingly, it is hereby **ORDERED** the Petitioner's Petition for Writ of Habeas Corpus pursuant to § 2254 is **DENIED**, that Petitioner is **DENIED** a certificate of appealability, and that this action is **DISMISSED.**

The Court further **DIRECTS** the Clerk to close the case.

SIGNED this 29th day of December, 2016.

_____
Hilda Tagle
Senior United States District Judge